UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Criminal No. 15-CR-20577

vs.                                                   HON. BERNARD A. FRIEDMAN

HERBERT BERNARD JOHNSON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF GRAND JURY MATERIAL**

This matter is presently before the Court on defendant's motion for release of grand jury material under Fed. R. Crim. P. 6(e)(3)(E) [docket entry 125]. The government has not filed a response and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the motion without a hearing.

On March 27, 2018, this Court sentenced defendant to a 121-month prison term following a jury trial in which defendant was found guilty on three counts: attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count1); travel with intent to engage in illicit sexual activity, in violation of 18 U.S.C. § 2423(b) (Count 2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 4). *See United States v. Johnson*, 775 F. App'x 794, 796-97 (6th Cir. 2019). The jury acquitted defendant of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count 3). *See id*. at 797. At the close of trial, defendant moved for a judgment of acquittal under Fed. R. Crim. P. 29, which the Court denied. *Id*.

Defendant subsequently filed a timely appeal challenging the Court's denial of his motion for judgment of acquittal and claiming insufficient evidence as to all three of his convictions.

*Id*.  The court of appeals affirmed this Court's judgment of conviction as to all three counts.  *Id*. at 799-800.  Defendant then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [docket entry 109] and a motion to amend his § 2255 motion [docket entry 114].  Together, these motions raised twenty challenges to defendant's three convictions.  On December 29, 2020, the Court denied his § 2255 motion and amended motion on both procedural and substantive grounds.  *See* Op. & Order Den. Def.'s 2255 Mot. [docket entry 120].  On January 28, 2021, defendant filed a notice of appeal of that decision [docket entry 122].

In his instant motion, entered on April 1, 2021, defendant seeks certain grand jury transcripts.  He states that

> [o]ne of [his] claims is related to a fatal variance between the indictment, trial evidence, jury instruction, and pre and post trial filings made by the government. [He] can establish that a Fifth and Sixth Amendment violation occurred . . . but requires specific material from the grand jury proceedings in order to accurately plead in his appeal.

Def.'s Mot. at 1.  Defendant contends that the requested portions of the grand jury transcripts will reveal that "[h]e was tried either for conduct for which he could not have been charged or for which the grand jury never voted on but he was later tried on." *Id*. at 6.  Defendant adds that "[b]ecause of [his] ongoing collateral attack on his conviction and sentence and the irrefutable violation of his constitutional rights, he has shown that the material sought is necessary to avoid a possible injustice in another judicial proceeding." *Id*.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985).  "[B]ecause jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice[]

of appeal," defendant's motion to compel grand jury material "would be more appropriately addressed to the Sixth Circuit." *Rouse v. State of Mich.*, 17-CV-12276, 2017 WL 6913668, at *1 (E.D. Mich. Dec. 19, 2017).

A district court does retain "limited jurisdiction to take actions in aid of the appeal. But that class of actions is narrowly defined and does not include actions that alter the case on appeal." *United States v. Carmen*, 933 F.3d 614, 617 (6th Cir. 2019) (emphasis omitted) (internal quotation marks and citations omitted). Defendant's request does not fall within this limited exception to the general rule of divested jurisdiction because resolving the motion to compel grand jury material would, defendant argues, aid him in supporting his claims, but it would not aid in the processing of the appeal. Had defendant wanted the grand jury material to bolster the claims contained in his § 2255 motion, and his motion to amend his § 2255 motion, he should have filed the instant motion prior to this Court's denial of those motions. *See Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988) ("The appellate court is entitled to review a fixed, rather than a mobile, record."). Now that the matter is on appeal, the Court lacks jurisdiction to consider the instant motion. Accordingly,

IT IS ORDERED that defendant's motion to compel the production of grand jury material is denied.

Dated: April 22, 2021  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR U.S. DISTRICT JUDGE

3

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 22, 2021.

| | |
|---|---|
| Herbert Bernard Johnson #51407039<br>Federal Correctional Institution<br>9595 W. Quincy Ave.<br>Littleton, CO 80123 | s/Johnetta M. Curry-Williams<br>Case Manager |