UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff                    Case No. 15-cr-20577

v.                                       Hon. Bernard A. Friedman

HERBERT JOHNSON,

       Defendant.

_____/

**OPINION AND ORDER DENYING MOTION FOR
MODIFICATION OF SUPERVISED RELEASE CONDITIONS**

This matter is before the Court on defendant Herbert Johnson's *pro se* motion for modification of supervised release conditions. (ECF No. 140). The Government has filed a response in opposition. (ECF No. 145). The Court does not believe oral argument will aid in the resolution of this matter and shall decide it without a hearing. E.D. Mich. LR 7.1(f). The motion is denied.

Johnson was convicted by a jury in 2016 of attempted coercion and enticement of a minor, travel with intent to engage in illicit sexual activity, and possession of child pornography. (ECF No. 53). The Sixth Circuit affirmed his conviction. (ECF No. 104). He was sentenced to 121 months of imprisonment, and the Court ordered that prior to his "release from custody, the defendant is to be evaluated to determine if he remains sexually dangerous." (ECF No. 96, PageID.998). As one of his

"special conditions of supervision," Johnson was ordered to participate in the Computer/Internet Monitoring Program administered by the Probation Department. (*Id.*, PageID.1001). Multiple other motions were filed, decided, and appealed.

Johnson has now filed the instant motion for modification of supervised release conditions. (ECF No. 140). He states that since May 2023, he has been housed at the Cherry Health Residential Reentry Center under the custody of the Bureau of Prisons and urges that since that time he has attempted to gain employment. (*Id.*, PageID.1326-27). Johnson reports that based on his special condition of supervised release that requires computer monitoring, Cherry Health management has indicated that his employment must have "no access to computers." (*Id.*, PageID.1327). Johnson urges that "[t]his is not because more restrictive conditions are necessary but because Cherry Health staff believe they have no ability to implement the condition of supervision." (*Id.*). As a result of this ban and his (unspecified) medical conditions that apparently preclude him from performing physically demanding labor, Johnson says he has had difficulty finding employment. (*Id.*, PageID.1327-28). Johnson urges that he has been unable to resolve these concerns with Cherry Health staff and the Bureau of Prisons and that the Probation Office has not been able to assist him because he has not been assigned a Probation Officer. (*Id.*, PageID.1328-29). Johnson concedes that the Court has no authority over the Bureau of Prisons or Cherry Health in this instance, so he instead suggests

1) This Court could modify the Petitioner's conditions of supervision to remove any condition of computer monitoring and then revisit those conditions upon his release from custody;
2) This Court could order the Probation Office to assign a probation officer to work with Cherry Health for a reasonable implementation of any occupational restrictions.

(*Id.*, PageID.1329, 1332).

The Government has filed a response in opposition to the motion. (ECF No. 145). The Government notes that Johnson won't be on supervised release until he is released from custody, which is currently set for May 2024. (*Id.*, PageID.1343). In the interim, the Government argues that "[t]he Court shouldn't modify an important condition of supervised release without any input from a probation officer." (*Id.*, PageID.1344). And more broadly, the Government argues that Johnson "is a sophisticated user of technology who was able to commit the serious crimes of which he was convicted because he had unfettered computer access," and that computer monitoring is a common condition used to protect the community. (*Id.*).

The Court agrees with the Government. Johnson is currently in the custody of the Bureau of Prisons, and, as he appropriately concedes, the Bureau of Prisons has the authority to determine the conditions and location of his confinement. *See* 18 U.S.C. § 3621. The Court does not have the benefit of the ordered evaluation to determine sexual dangerousness and Johnson has not supplied any argument or documentation regarding his rehabilitation. Nor, for that matter, has he supported

3

his assertions regarding his medical conditions and employment search. The Court declines to preemptively assign him a Probation Officer as it is neither warranted nor appropriate. The Probation Officer would have no authority to direct the Bureau of Prisons as to Johnson's conditions, and nor has Johnson offered any compelling reason that his case should be removed from the standard procedures used for transitioning prisoners to supervised release. Furthermore: there was good reason to impose the computer monitoring condition at the time Johnson was sentenced and Johnson has failed to convince the Court that anything has changed (other than his apparent difficulty finding employment) that would warrant revisitation of that decision. Accordingly, it is hereby,

ORDERED that the motion for modification of conditions of supervised release (ECF No. 140) is DENIED.

**SO ORDERED.**

Dated: December 20, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 20, 2023.

| | |
|---|---|
| **Herbert Bernard Johnson 51407039** | s/Johnetta M. Curry-Williams |
| 8333 Townsend Street | Case Manager |
| Detroit, MI 48213 | |